## Uhrich's Heirs *versus* Beck.

Where an administrator purchased at sheriff's sale land bound by a mortgage for the payment of a number of bonds, most of which belonged to the estate of his intestate, and paid no money for it out of his own funds, but the purchase money was settled by using the bonds. In the event of a sale and conveyance by the said administrator of the land as his own; but where only a small portion of the purchase money has been paid, the heirs of the intestate may recover the land from the purchaser—he however to be allowed for the portion of the purchase money, paid by him before notice of the trust.

ERROR to the Common Pleas of *Dauphin county*.

This was an ejectment for two tracts of land brought by the heirs of Geo. Uhrich, deceased, against Beck and Rymart.

The cause was tried upon the same facts as presented in the case of Beck *vs.* Uhrich, reported in this volume.

[Uhrich's Heirs *v.* Beck.]

On the trial, HEPBURN, J. charged the jury that taking the whole evidence and giving to it every legitimate influence that a jury can give to it, the plaintiffs have failed to make out a case entitling them them to your verdict; your finding should therefore be for the defendants.

It was assigned for error that the court erred in thus charging the jury.

The case was argued by *Carson* and *Rawn,* for plaintiffs in error.—9 *W.* & *S.* 134; 1 *Pet. C. C. Rep.* 373; 2 *Wh.* 53; 7 *S.* & *R.* 230.

*Boas* and *McCormick,* for defendants in error.—8 *S.* & *R.* 484; 6 *W.* & *S.* 18; 10 *Watts* 320: 4 *Watts* 85; 5 *S.* & *R.* 267; 3 do. 423; 9 *Watts* 36; *Sugden on Ven.* 472.

The opinion of the court was delivered by

COULTER, J.—This cause leans upon and is governed by the case of Joseph Uhrich against same defendant, decided at this term. The court in this case took the whole evidence from the jury and instructed them that the plaintiff below had no standing in court according to the evidence, and had no right to recover. But we are of contrary opinion. The evidence if believed by the jury not only tends and conduces to establish a trust, and that the plaintiffs are the *cestui que trusts,* but makes it out clearly enough. Joseph Uhrich was but a naked trustee; there was a resulting trust in favor of the plaintiffs, who were the *cestui que trusts.*

If Joseph Uhrich had sold to Beck, and he had no notice of the trust, and had paid the purchase moneys, he would have been protected. But Beck has not paid except a very small part of the purchase money, and for that he has probably been compensated by the rents and profits. We see no force in the allegation that the plaintiffs ought to pursue the administrators of John Uhrich. They are by no means compelled to do so. The land is theirs, if the facts in evidence are true, and they have a right to pursue it. See opinion in Peter Beck, plaintiff in error, *vs.* Joseph Uhrich, at this term.

Judgment reversed and a *venire de novo* awarded.